# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RITA MOBLEY, as Personal
Representative of the Estate of
Heather Mobley,

        Plaintiff,

vs.                                                                    Case No: 6:12-cv-70-Orl-37DAB

SAFECO INSURANCE COMPANY OF
ILLINOIS,

        Defendant.

## ORDER

This cause is before the Court on the following:

    1.    Defendant Safeco Insurance Company's Motion to Dismiss (Doc. No. 6), filed January 25, 2012; and

    2.    Plaintiff's Response in Opposition (Doc. No. 13), filed February 9, 2012.

The Motion is ripe for adjudication.

## BACKGROUND

In this case, Plaintiff, Rita Mobley, brings a third-party bad faith claim against Defendant Safeco Insurance Company. Her claim arises from Safeco's refusal to settle a prior state court lawsuit, in which Plaintiff sued Safeco's insureds, Javier Trevino and his parents, Joel and Maria, for the wrongful death of Heather Mobley. Heather was killed in a traffic accident caused by Javier, who "was speeding, driving without his headlights on, and passing another vehicle in a no-passing zone." *Trevino v. Mobley*, 63 So. 3d 865, 866 (Fla. 5th DCA 2011). Since the resolution of Safeco's motion turns on the events of the wrongful death action, the Court briefly summarizes that action

before discussing how it impacts this action.

*The Wrongful Death Case*

Plaintiff's wrongful death case was tried to a jury in state court. Not all of Plaintiff's claims were decided by the jury, however. She brought claims against Javier and additional claims under two separate theories of liability against Javier's parents, one for vicarious liability and one for negligent entrustment. The negligent entrustment claims were to be tried in a subsequent phase of trial once the jury had decided the issues of compensatory and punitive damages. The jury found for Plaintiff and against Javier and his parents. The jury awarded Plaintiff five million dollars in non-economic damages against Javier and his parents, and ten million dollars in punitive damages against Javier. The trial court also entered a directed verdict against Plaintiff on her negligent entrustment claims, finding "that the negligent entrustment claims were concurrent theories of liability--that is, the claims would impose no additional liability because the jury had already found Maria and Joel Trevino vicariously liable for their son's negligence under the dangerous instrumentality doctrine." *Trevino*, 63 So. 3d at 866. Both parties appealed.

The Fifth District Court of Appeal reversed the trial court's directed verdict regarding Plaintiff's negligent entrustment claims. The appellate court found that the reasoning of the trial court was not tenable in view of the 1999 enactment of Section 324.021(9)(b) 3., of the Florida Statutes, which limits the non-economic damages awardable against a vehicle owner for damages caused by the negligence of a permissive user. *See id.* at 867. Prior to the enactment of this statute, "a vehicle owner held vicariously liable under the dangerous instrumentality doctrine was liable to the same extent as the negligent permissive driver." *Id.* It would serve no purpose then to

2

determine a vehicle owner's liability for his own negligence. *See id.*

This changed with the enactment of Section 324.021(9)(b) 3. The statute operates to cap the non-economic damages awarded to Plaintiff as the result of Javier's parent's vicarious liability. *Id.* It does not apply to Plaintiff's negligent entrustment claims. Thus, Plaintiff's negligent entrustment claims could potentially increase the liability of Javier's parents. *Id.* In view of this, the appellate court concluded that Plaintiff's vicarious liability and negligent entrustment claims against Javier's parents were not concurrent theories of liability, and that the trial court should have submitted Plaintiff's negligent entrustment claims to the jury. *Id.* The appellate court gave instructions to the trial court, as follows. *Id.*

> For the foregoing reasons, we affirm as to the issues raised by the Trevinos on appeal. We reverse as to the issue on cross-appeal. That is, the directed verdict entered in favor of Maria and Joel Trevino on Rita Mobley's negligent entrustment claims is reversed and the cause remanded for a trial on those two claims. We note that, due to the procedural posture of this case, the issue of damages has already been determined. The only matter to be tried is the direct liability, if any, of Maria and Joel Trevino. If they are found directly liable for negligent entrustment, Maria and Joel Trevino's liability will be restricted to their percentage of fault under comparative negligence principles, but it will not be limited by section 324.021(9)(b) 3.

*Id.* (footnote omitted). In other words, the appellate court did not disturb the jury's verdict against Javier; did not disturb the jury's verdict on Plaintiff's vicarious liability claims against Javier's parents; and did not disturb the jury's total award of damages. Rather, the trial court was instructed to determine only two things: (1) if Javier's parents were liable for negligent entrustment and, if so, (2) the apportionment of fault between Javier and his parents.

*The Third-Party Bad Faith Case*

Following the appellate court's decision, Plaintiff filed this case. Plaintiff alleges

Javier and his parents were afforded bodily injury and property damage liability coverage under an automobile liability insurance policy issued by Safeco. (Doc. No. 2, ¶¶ 5-7.) Safeco was notified of the accident, and it agreed to defend Javier and his parents under a reservation of rights. (*Id.* ¶ 8; *see id.* Ex. B.) Plaintiff contends that Safeco failed to adequately investigate the accident and, had it done so, Safeco would have concluded that a lawsuit would result in a verdict in excess of the policy limits. (*Id.* ¶ 9.) Plaintiff alleges further that, even after being informed of the extent of Plaintiff's losses, Safeco refused to settle Plaintiff's claims. (*Id.* ¶¶ 10-12.)

Because of Safeco's actions, Plaintiff filed the underlying wrongful death lawsuit. (*Id.* ¶ 13.) Plaintiff asserts that, prior to trial, Safeco agreed the entry of a consent judgment on Plaintiff's personal property claims for the full policy limits. (*Id.* ¶ 14.) Plaintiff contends that this consent judgment is a "confession of bad faith." (*Id.*) Plaintiff also alleged that, during the pendency of the appeal from the trial court judgment against Safeco, Plaintiff offered "to afford complete protection" to Javier and his parents from any excess judgment in exchange for payment of the policy limits and subject to a determination of Safeco's liability for bad faith in its handling of Plaintiff's claim.[1] (*Id.* ¶ 18.) Safeco refused this settlement offer, according to Plaintiff. (*Id.*)

## APPLICABLE STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

---

[1] This offer was, in essence, a post-trial *Cunningham* agreement. *See, e.g.*, *Cunningham v. Standard Guaranty Insurance Company*, 630 So. 2d 179, 181 (Fla. 1994).

4

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## DISCUSSION

Safeco contends Plaintiff's claims are premature and, as such, seeks dismiss Plaintiff's third party bad faith claim. (Doc. No. 6.) Plaintiff argues, in response, that her bad faith claim is not premature because the state courts have already determined her damages. (Doc. No. 13.) Safeco's motion is not well-taken for the following reasons.

First, Plaintiff alleges that Safeco agreed to the entry of a consent judgment against it in the amount of the policy limits for Plaintiff's personal property claim. This allegation, as noted by Plaintiff, satisfies the "determination of damages" requirement of a bad faith damages claim. *See Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000) (citing *Brookins v, Goodson*, 640 So. 2d 110, 112-13 (Fla. 4th DCA 1994); *see also Sabatula v. State Farm Mutual Auto. Ins. Co.*, No. 5:11-cv-368, 2011 WL 4345302 (M.D. Fla. Sep. 16, 2011).

Second, despite the lingering negligent entrustment claims against Javier's parents, there has been a "final determination" as to the majority of Plaintiff's claims. The claims brought against Javier and Plaintiff's vicarious liability claims against Javier's parents have wound their way through the state trial and appellate courts. Those claims, the damages awarded for them, as well as the total damages award, were left

untouched on appeal and, besides being final, are in excess of the policy limits. Thus, Plaintiff's bad faith claim is not premature as to those claims.

Lastly, the Court notes that if Plaintiff's claim is premature, it is not ripe. If Plaintiff's claim is not ripe, this Court does not have subject matter jurisdiction over it. *See, e.g.*, *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1331 (11th Cir. 2006) (discussing, in the context of a motion to award fees in a case involving a federal takings claim, the "jurisdictional problem" the ripeness doctrine can cause in removal cases). If that is so, Safeco should not have (and could not have) removed this case to federal court in the first place. *See, e.g.*, *Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008) (remanding a case in which the defendant removed on the basis of a bad faith claim that was not ripe). The proper remedy is not dismissal; it is remand.[2]

## CONCLUSION

In view of the above, Defendant Safeco Insurance Company's Motion to Dismiss (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 1, 2012.

ROY B. DALTON JR.
United States District Judge

---

[2] While not impugning the good faith bases for its arguments, it is difficult to reconcile the position taken by Safeco in its Motion to Dismiss that Plaintiff's claim is premature with its assertion that this Court may exercise jurisdiction over this case. It seems, to the Court at least, that these two positions are inconsistent, if not mutually exclusive.

Copies:

counsel of record